J-S24040-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ABDUL MURRAY, | : | |
| | : | |
| Appellant | : | No. 2342 EDA 2019 |

Appeal from the PCRA Order Entered July 29, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001435-2013

BEFORE:     BENDER, P.J.E., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 18, 2020**

Abdul Murray (Appellant) appeals from the July 29, 2019 order
dismissing his petition filed pursuant to the Post Conviction Relief Act
(PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

A prior panel of this Court provided the following background.

> [At Appellant's bench trial,] Pennsylvania Parole
> Agent Todd Clark testified that one of the parolees
> he was responsible for supervising starting in
> December 2012 was Appellant. In response to
> Appellant's failure to report for a scheduled meeting
> at the parole office, Agent Clark went to Appellant's
> residence at 1247 West Huntingdon Street in
> Philadelphia, a group home that housed a number of
> parolees.
>
> Appellant was not present, so Agent Clark left him a
> written instruction to report to the parole office on
> January 11, 2013. On January 11, 2013, Appellant
> reported to the parole office, at which time Agent
> Clark scheduled a home visit for January 15, 2013.

*Retired Senior Judge assigned to the Superior Court.

On January 15, 2013, Agent Clark went to the scheduled home visit, but Appellant was not present. The following day Agent Clark received a phone call from ... one of the managers of the group home in which Appellant resided. Based on the information received, Agent Clark spoke to Appellant by phone and directed him to report to the parole office that day.

When Appellant reported to the parole office, Agent Clark asked him about his living situation and why he had moved without permission.

Appellant explained that on January 11, 2013, a housemate known as "E" or Ervin threatened Appellant with a black .357 revolver, which Appellant managed to wrest away from Ervin. Appellant then gave the gun to an acquaintance identified as Jay or "J".

Based upon the acknowledgement of possession of a firearm, a violation of the condition of Appellant's supervision, Agent Clark took Appellant into custody, and proceeded to review the text messages on Appellant's phone. Agent Clark identified two relevant messages dated January 16, 2013[,] sent within less than a minute of each other:

> Yo, Kel if you didn't hear from me by tonight I am locked up. So, my stuff is over 1247 West Huntingdon Street.
>
> And the thing I was telling you about that I took from the bully is in the bathroom right under the tub.

Agent Clark then went to the group home at 1247 West Huntingdon Street where Appellant had been residing. He was permitted entry to the property and searched the bathroom. Under the tub he located a loose piece of metal, behind which Agent Clark found a bag with an unloaded .357 revolver. Agent Clark called police and turned over the gun to police custody.

> Seven months after he allegedly attacked Appellant, Ervin Bonner [(Appellant's former housemate, known to Appellant as E or Ervin)] attacked another man, Michael Johnson, with a gun at another recovery house. Bonner was arrested on July 18, 2013 for his attack on Johnson.

[Trial Court] Opinion, 3/7/[20]16, at 2-4 [] (internal citations omitted).

*** 

On September 11, 2014, Appellant proceeded to a non-jury trial before the Honorable Giovanni Campbell. At the conclusion of the trial, the trial court held the verdict under advisement. On October 15, 2014, the trial court found Appellant guilty of possession of a firearm by a prohibited person. … Appellant filed a motion for extraordinary relief, alleging that his trial counsel was ineffective for failing to adequately investigate Appellant's justification defense[ because counsel did not research Bonner's "criminal background to determine whether threatening other residents in the rooming houses where he lived was part of some common plan and scheme." Motion for Extraordinary Relief, 12/14/2014, at ¶¶ 11-12.] The trial court appointed new counsel, who filed an amended motion for extraordinary relief[, reframing the issue as a **Brady**[1] violation, and incorporating by reference prior counsel's ineffectiveness claim]. The trial court denied the motion on February 29, 2015.

On April 30, 2015, the trial court sentenced Appellant to $4^1/_2$ to 9 years' incarceration. Appellant timely filed post-sentence motions, which were denied by operation of law on September 4, 2015. On September 30, 2015, Appellant timely appealed to this Court.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963). "Under **Brady**[] and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature." **Commonwealth v. Spotz**, 47 A.3d 63, 84 (Pa. 2012).

*Commonwealth v. Murray*, 174 A.3d 1147, 1151-52 (Pa. Super. 2017) (footnote and original brackets omitted; party designations altered).

On direct appeal, Appellant alleged, *inter alia*, that (1) the Commonwealth committed a *Brady* violation by failing to disclose Bonner's identity and arrest to Appellant, and (2) the identities of Bonner, Johnson, and Rashod Green,[2] as well as Bonner's arrest for assaulting Johnson, and Appellant's discovery of this information constituted after-discovered evidence entitling Appellant to a new trial. *Id.* This Court affirmed Appellant's judgment of sentence, finding his claims to be without merit. Because the record revealed that trial counsel knew Bonner's identity prior to trial, this Court concluded that there could be no *Brady* violation, and that Appellant could not establish the first prong of after-discovered evidence, *i.e.*, that counsel could not have obtained the evidence before trial with the exercise of reasonable diligence. *Id.* at 1152-54. Additionally, we noted as follows.

> To the extent [Appellant] argues that his trial counsel was ineffective for failing to properly investigate Bonner's identity and criminal background before trial, we agree with the trial court that such a claim is properly deferred to collateral review. Absent extraordinary circumstances, which do not exist here, "claims of ineffective assistance of counsel are to be deferred to PCRA review ... and such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, [] 79 A.3d 562, 576 ([Pa.] 2013).

---

[2] According to Appellant, Bonner similarly threatened Green at gunpoint at a halfway house. *See* PCRA Petition, 7/6/2018, at ¶ 15(b)(i); Memorandum of Law, 8/21/2018, at 15.

*Id.* at 1153 (some citations omitted). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on June 4, 2018. *Commonwealth v. Murray*, 187 A.3d 204 (Pa. 2018).

On July 6, 2018, Appellant *pro se* timely filed the instant PCRA petition. Pertinent to this appeal, Appellant claimed ineffective assistance of trial counsel for failing to investigate Bonner's criminal background and failing to call Johnson and Green as witnesses in support of Appellant's justification defense. PCRA Petition, 7/6/2018, at ¶ 15. Thereafter, counsel was appointed[3] and filed a supplemental PCRA petition, incorporating Appellant's prior filings and adding one additional claim that trial counsel was ineffective for failing to investigate and call Paula Cofield[4] as a witness regarding Appellant's access to the halfway house where the firearm was recovered. Supplemental PCRA Petition, 12/4/2018, at 2.

The Commonwealth filed a motion to dismiss. The Commonwealth did not address the claims raised in Appellant's *pro se* PCRA petition, but assailed Appellant's supplemental PCRA petition for failing to include a

---

[3] Counsel was appointed on July 17, 2018. Thereafter, on August 21, 2018, Appellant filed a memorandum of law in support of his PCRA petition. In counsel's subsequent supplemental petition, he incorporated Appellant's *pro se* PCRA filings.

[4] Cofield was the manager of the halfway house who called Agent Clark on January 16, 2013. The record includes two different spellings of her name: Cofield and Colfield. We use Appellant's spelling of her name (Cofield) in this memorandum.

certification[5] for Cofield and failing to establish that Cofield was available and willing to testify.[6] Commonwealth's Motion to Dismiss, 4/22/2019, at 11. Appellant filed a response, contending that because the Commonwealth did not contest his *pro-se*-raised claims, they should be granted without a hearing.[7] Response, 5/20/2019, at 5. He did not address the deficiencies raised by the Commonwealth regarding his supplemental PCRA petition.

On June 28, 2019, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907(1), because it found that Appellant's underlying claims were without merit, and therefore counsel could not be deemed ineffective. Appellant did not file a response. On July 29, 2019, the PCRA court dismissed Appellant's PCRA petition.

---

[5] When a PCRA petitioner requests an evidentiary hearing, the petition shall include a certification signed by each potential witness, *pro se* petitioner, or counsel, "stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S. § 9545(d)(1)(ii); **see also id.** at § 9545(d)(1)(i).

[6] As will be discussed *infra*, when a petitioner raises a claim of trial counsel's ineffectiveness for failing to call a witness, the petitioner must establish that "the witness existed; the witness was available; counsel was informed of the existence of the witness or should have known of the witness's existence; the witness was prepared to cooperate and would have testified on appellant's behalf; and the absence of the testimony prejudiced appellant." **Commonwealth v. Cousar**, 154 A.3d 287, 312 (Pa. 2017) (citation and numbering omitted).

[7] Pa.R.Crim.P. 907(2) provides that a PCRA petition "may be granted without a hearing when the petition and answer show that there is no genuine issue concerning any material fact and that the defendant is entitled to relief as a matter of law."

This timely filed notice of appeal followed.[8]   On appeal, Appellant raises the following issues.

1. Did the PCRA court err in determining that trial counsel was not ineffective for failing to investigate and call witnesses [] Johnson and [] Green who had lived in a halfway house with [] Bonner, where both Johnson and Green were threatened by Bonner at gunpoint the same way [Appellant] was threatened by Bonner, this evidence would have been probative in establishing a common plan, scheme or design by Bonner that would have been relevant in [Appellant] establishing a justification defense at trial?

2. Did the PCRA court err in determining that trial counsel was not ineffective for failing to investigate and call witness [] Cofield to establish that [Appellant] had no free and ready access to the rooming house at 1247 West Huntingdon Street, where a gun was seized inside of a common area bathroom, to prove [Appellant] had no conscious dominion over the gun, and therefor that Appellant[] could not have constructively possessed the gun?

3. Did the PCRA court err in determining that trial counsel was not ineffective for failing to investigate the criminal history and record of [] Bonner, to determine if Bonner had in the past threatened other residents of rooming houses where Bonner lived, to establish if Bonner's actions in the instant case against Appellant[ were] part of a common plan, scheme or design, that would have established that [] Bonner was an aggressor where in the instant case [Appellant] acted in self[-]defense, evidence that would have supported a justification defense at trial?

Appellant's Brief at 9-10 (numbering altered; unnecessary capitalization and PCRA court answers omitted; reordered for ease of disposition).

We begin with our standard of review.

---

[8] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and none was filed.  In lieu of a Pa.R.A.P. 1925(a) opinion, the PCRA court referred us to its July 29, 2019 order.  *See* Letter, 8/30/2019.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

It is well settled that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Hanible*, [] 30 A.3d 426, 452 ([Pa. ]2011).

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019).

Because all of Appellant's issues challenge the effectiveness of trial counsel, we also consider the following.

The law presumes counsel has rendered effective assistance. In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but

- 8 -

for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

**Commonwealth v. Postie**, 200 A.3d 1015, 1022-23 (Pa. Super. 2018) (*en banc*) (citations, footnote, and quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

Failure to Call Witnesses

Appellant's first two issues[9] pertain to trial counsel's failure to call Johnson, Green, and Cofield as witnesses. Appellant's Brief at 28, 30. We consider these issues mindful of the following.

There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.[] § 9545(d)(1); Pa.R.Crim.P. 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.

---

[9] We have divided Appellant's second issue into two parts: failure to call Cofield, which will be discussed in this section, and failure to investigate Cofield, which will be discussed *infra* in the next section.

***Commonwealth v. Reid***, 99 A.3d 427, 438 (Pa. 2014) (some citations omitted).

In his *pro se* PCRA petition, Appellant "certifie[d] the following as witnesses" at his requested PCRA hearing and included a brief statement of each witness's proposed testimony: trial counsel and appellate counsel, with addresses included, as well as "Michael Johnson, Rashod Green, and [Appellant,]" without any additional identifying information. PCRA Petition, 7/6/2018, at ¶ 20; ***see also id.*** at 10 (unnumbered) (unsigned page titled "Certification"). In his counselled supplemental petition, Appellant added a claim that trial counsel was ineffective for failing to call Cofield, but did not include a witness certification as to Cofield therein. ***See*** Supplemental PCRA Petition, 12/4/2018. Although the Commonwealth assailed the lack of a witness certification for Cofield, Appellant did not address this alleged deficiency below. Likewise, the PCRA court did not address whether the certifications were adequate, and did not base its dismissal on any potential certification inadequacies. We note that even if Appellant's certifications were inadequate, "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect." ***Commonwealth v. Pander***, 100 A.3d 626, 642 (Pa. Super. 2014) (*en banc*) (citations omitted). Because the PCRA court did not provide notice of any alleged defect in Appellant's

witness certifications, we instead turn to whether Appellant satisfied the substantive requirement.

According to Appellant, "the fact that Bonner was convicted of [s]imple [a]ssault and [recklessly endangering another person] indicates that victims [] Johnson and [] Green existed (*i.e.* they were complaining defense witnesses against Bonner at his trial) and that Johnson and Green were available witnesses." Appellant's Brief at 30. However, the fact that Johnson and Green may have been victims and/or witnesses in a separate proceeding does not establish that they were available and willing to testify **in Appellant's case**. As to Cofield, Appellant does not even purport to allege that she was available and willing to testify, and has thus also failed to establish the elements of availability and willingness to testify. *Id.* at 30- 36. Accordingly, based on our review of the record, we conclude that the PCRA court did not err in dismissing Appellant's ineffective-assistance-for- failure-to-call-witness claims because Appellant failed to establish that Johnson, Green, or Cofield was available and willing to testify. *See Benner*, 147 A.3d at 919 (quoting *Perry*, 128 A.3d at 1289) ("[W]e may affirm a PCRA court's decision on any grounds if the record supports it.").

<u>Failure to Investigate</u>

Appellant's second and third issues ask us to determine whether the PCRA court erred in dismissing without a hearing Appellant's claims that trial counsel was ineffective for failing to investigate Bonner and Cofield.

Appellant's Brief at 25, 30. We consider these issues mindful of the following.

> This Court has recognized that trial counsel has a general duty to undertake reasonable investigations or make reasonable decisions[,] which render particular investigations unnecessary. The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance. Nevertheless, we have never held that trial counsel is obligated to interview every Commonwealth witness prior to trial. The failure of trial counsel to interview a particular witness prior to trial does not constitute ineffective assistance of counsel unless there is some showing that such an interview would have been beneficial to the defense under the facts and circumstances of the case.

*Commonwealth v. Mitchell*, 105 A.3d 1257, 1276-77 (Pa. 2014) (citations and quotation marks omitted).

The record reveals that counsel knew of Bonner and Cofield prior to trial but failed to investigate either witness. As noted *supra*, counsel alleged her own ineffectiveness for failing to investigate Bonner's criminal background, noting that had she done so, she would have discovered Bonner's subsequent arrest and sought to introduce such evidence to credit Appellant's justification defense, which the Commonwealth would then have had to disprove beyond a reasonable doubt. Motion for Extraordinary Relief, 12/24/2014, at ¶¶ 11-12.

> A claim that trial counsel did not conduct an investigation or interview known witnesses presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to

- 12 -

conduct no investigation into known witnesses. A showing of prejudice, however, is still required.

***Commonwealth v. Stewart***, 84 A.3d 701, 712 (Pa. Super. 2013) (*en banc*) (citations omitted). Thus, we conclude that Appellant has presented an issue of arguable merit and turn our focus to the prejudice prong.

According to Appellant, counsel's failure to investigate Bonner prejudicially impacted his justification defense, and counsel's failure to interview Cofield prejudicially impacted his claim of abandonment. Appellant's Brief at 28, 34. In rejecting Appellant's justification defense, the trial court noted the following.

> Trial counsel tried to cast [Appellant's] initial seizure of the gun from [Bonner] as a matter of justification. As trial counsel identified in her closing, the defense of justification requires that there be no legal alternative to the action. Had [Appellant] promptly notified authorities and immediately surrendered the gun, and still been charged, such evidence might have been relevant and the defense [have had] merit. However, he did not do so.
>
> The uncontradicted evidence established that after disarming [Bonner], [Appellant] retained custody and control of the gun for a further five (5) days, until his possession was exposed by Agent Clark and the gun recovered. As we identified during closing arguments, the justification defense[,] which might have covered the initial possession of the gun, did not extend to concealing it and offering it to a third person.

Trial Court Opinion, 3/7/2016, at 7-8 (citations omitted).

The PCRA court concluded that Appellant was not prejudiced by counsel's failure to investigate "Bonner's criminal record and his history of threatening conduct" because such evidence "is irrelevant, as Bonner's initial

possession of the gun and behavior are not in dispute and are irrelevant to the evidence of [Appellant's] continued possession of the firearm." Order, 7/29/2019, at 1 n.1. As to counsel's failure to investigate Cofield, the PCRA court concluded that Appellant was not prejudiced because Cofield's proposed testimony "would not rebut the evidence that [Appellant] possessed the gun he took from Bonner and then secreted that gun in the rooming house." *Id.*

In response, Appellant argues that counsel's failure to investigate Bonner's criminal history was prejudicial because "this evidence would have bolstered and buttressed that [Appellant's] actions regarding his initial possession of the firearm were taken under extreme duress in the unlawful force against his person." Appellant's Brief at 28. As to the investigation of Cofield,

> Appellant asserts the PCRA court's finding that Appellant continued to be in possession of the firearm after disarming Bonner is in error. Appellant asserts the PCRA court did not consider the necessity of the specific circumstances of this case as it pertained to Appellant's justified possession of the gun. Appellant only came into possession of the firearm after he disarmed his assailant Bonner in self[-]defense. Appellant's possession of the gun was thus justified under Pennsylvania law. The PCRA court seems to take issue with the fact that Appellant had the gun in his possession for a period of time after disarmament of Bonner. However, the PCRA court completely overlooks that it was necessary for Appellant to have retained possession of the gun for some period of time because it would have been criminally reckless or criminally negligent, if after Appellant disarmed Bonner, Appellant just had carelessly discarded or abandoned the loaded gun without care. Instead here, Appellant carefully abandoned the gun by safely secreting the gun in a concealed location, under a bathtub, that would not

- 14 -

pose an immediate substantial and unjustifiable risk to other members of society including his other roommates. …

… Also since Appellant was [] prohibited [from possessing a firearm by virtue of being a] felon and since Appellant did not possess a license to carry a firearm[,] it would have been illegal for Appellant to have removed the gun from the rooming house to transport the gun for surrender to a police district or to the parole office.

… In the days after disarmament, at Appellant's first in[-]person opportunity with his parole agent at the parole office, Appellant immediately informed Agent Clark of the existence and whereabouts of the abandoned gun. The gun had been locked inside the rooming house, abandoned inside of a common area bathroom there, a house that Appellant was locked out of, and [] Appellant had no ability to enter the house.

\*\*\*

Appellant argues that since the gun was abandoned by Appellant in the common area bathroom, soon after Appellant had disarmed Bonner in self[-]defense, Appellant had no conscious dominion of the gun that would support constructive possession of the gun for the days the gun was inside of the common area bathroom.

*Id.* at 31-34 (unnecessary capitalization omitted; party designations altered). According to Appellant, "Cofield's testimony would have refuted any concept of conscious dominion because [] Cofield would have presented evidence that [Appellant] had no free or ready access to the house (*i.e.* the common area bathroom) for several days after Cofield had kicked [Appellant] out of the house." *Id.* at 35.

Upon review, we agree with the PCRA court's determination that Appellant was not prejudiced by counsel's failure to investigate Bonner and Cofield. At trial, the court found Appellant guilty of possession based on the

- 15 -

stashing of the firearm in the halfway house bathroom for five days, not based on his initial possession of the firearm as a result of disarming Bonner. Thus, Appellant could not be prejudiced by the lack of further evidence supporting his justification defense to the initial possession of the firearm. As to Cofield, Appellant's abandonment argument holds no water. While a resident at the halfway house, Appellant had ready access to the firearm he hid in the bathroom.[10] Even after being expelled from the halfway house, however, the text messages presented at trial indicated that Appellant still had access to the firearm by way of a third party. Accordingly, even if Appellant had introduced evidence of when he was expelled from the halfway house, there was still ample evidence to support the trial court's conclusion that Appellant had conscious dominion over the firearm for some or all of the five days following his initial disarming of Bonner and hiding the firearm in the bathroom. Therefore, the PCRA court did not err in finding that Appellant had failed to establish prejudice as to these claims. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

---

[10] "We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control." **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/18/20</u>